UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY M. KIRKLAND,

    Petitioner,

v.                                                        Case No. 5:24-cv-77-TKW-MJF

RICKY DIXON,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Timothy M. Kirkland, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 13. Kirkland opposes the motion. Doc. 18. The undersigned concludes that no evidentiary hearing is required, and that Kirkland's petition should be dismissed because it is time-barred.

    **I.**     **BACKGROUND AND PROCEDURAL HISTORY**

On April 4, 1983, Kirkland murdered Judy Anne Kelly. Kirkland was 16 years old. In Bay County Circuit Court Case No. 1983-CF-498, Kirkland was convicted of First-Degree Murder. Doc. 13-2, Ex. B. On

Page 1 of 12

January 12, 1984, the trial court sentenced Kirkland to imprisonment for life and also ordered that: "Defendant shall be required to serve no less than 25 years before becoming eligible for parole." The Florida First District Court of Appeal ("First DCA") affirmed. *Kirkland v. State*, 478 So. 2d 1092 (Fla. 1st DCA 1985), *review denied*, 488 So. 2d 68 (Fla. Mar. 31, 1986) (Table) (copy at Doc. 13-4, Ex. D).

After unsuccessfully seeking state postconviction relief, Kirkland filed a § 2254 petition in the United States District Court for the Northern District of Florida. The Northern District dismissed the petition with prejudice because it was untimely. *Kirkland v. McDonough*, No. 5:06cv226/RS, 2006 WL 3755195 (N.D. Fla. Dec. 19, 2006), *certificate of appealability denied*, No. 07-10147-I (11th Cir. May 14, 2007).

On December 21, 2021, the state trial court held a resentencing hearing under Fla. Stat. § 921.1401. Doc. 13-5, Ex. E. The trial court resentenced Kirkland to imprisonment for life "W/OUT PAROLE" and ordered that: "Defendant is entitled to a review hearing under 921.1402, [Fla. Stat.] after serving 25 years (at the Defendant[']s request)." Doc. 13-5, Ex. E. The resentencing judgment was entered on December 21, 2021,

and designated "NUNC PRO TUNC 1/12/1984." *Id.* Kirkland did not appeal the judgment. Doc. 13-6, Ex. F; *see also* Doc. 1 at 5.

On November 1, 2022, Kirkland filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Doc. 13-7, Ex. G at 16-53. The state circuit court denied the motion. *Id.* at 55-110. The First DCA per curiam affirmed without opinion. *Kirkland v. State*, No. 1D2023-0044, 380 So. 3d 450 (Fla. 1st DCA 2023) (Table) (copy at Doc. 13-9, Ex. I). The mandate issued March 13, 2024. Ex. I.

Kirkland filed this federal habeas petition on April 16, 2024. Doc. 1 at 1. Kirkland is challenging his murder conviction on four grounds: prosecutorial misconduct, insufficient evidence, and trial court error regarding two jury instructions. *Id.* at 5-10. Kirkland asserts that his petition is not subject to § 2244(b)'s restriction on "second or successive" petitions, because the 2021 resentencing judgment is a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273 (11th Cir. 2014). *See* Doc. 1 at 13-14; Doc. 18.

The State asserts that even assuming to Kirkland's benefit that the 2021 judgment is a "new judgment" for purposes of 28 U.S.C. § 2244,

Kirkland's petition must be dismissed because it is time-barred. Doc. 13 at 4-9.

## II. DISCUSSION

### A. The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Poole's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Kirkland does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his 2021 resentencing judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Kirkland's 2021 judgment became final. *See* 28 U.S.C. § 2244(d)(1).

### B. <u>Kirkland's Habeas Petition Is Untimely</u>

Kirkland did not seek direct review of his resentencing judgment in the state appellate court. Accordingly, Kirkland's judgment became "final" for purposes of 2244(d)(1)(A), when the 30-day deadline for filing a direct appeal in the First DCA expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fla. R. App. P.

9.140(b)(2)(A)(ii), (b)(3); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (a Florida defendant has 30 days to appeal his conviction and sentence).

The 30-day deadline for Kirkland to appeal the resentencing judgment (entered on December 21, 2021) expired on January 20, 2022. The federal habeas limitations period began to run one day later, on January 21, 2022, and expired one year later, on January 23, 2023. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).[1]

Kirkland's Rule 3.850 motion filed on November 1, 2022, did not trigger the tolling benefit of § 2244(d)(2). The state court dismissed that motion for the dual reasons that most of the claims were not cognizable on collateral review *and the motion as a whole was "plainly untimely."* Doc. 13-7, Ex. G at 57. The state court explained:

> Under Rule 3.850(b), a postconviction motion under Rule 3.850 is untimely if it is filed more than two years after the judgment and sentence become final unless one of the three exceptions listed in Rule 3.850(b)(1)-(3) is applicable. However, none of the three listed exceptions apply to Defendant's fourth ground. In the instant case, Defendant's conviction for first-degree murder became final in 1986 after

---

[1] January 21, 2023, was a Saturday. Accordingly, Kirkland had until the following Monday, January 23, 2023, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

> the Florida Supreme Court denied review on March 31, 1986. *Kirkland v. State*, 478 So. 2d 1092 (Fla. 1st DCA 1985), *review denied*, 488 So. 2d 68 (Fla. 1986). *Because the instant Motion was not filed until November 8, 2022 (November 1, 2022 for purposes of the mailbox rule), it is untimely by over three decades*. Defendant plainly could or [should] have raised the claim he asserts in ground four within two years after the Florida Supreme Court denied review in 1986.
>
> Finally, the Court notes that while Defendant was resentenced on December 21, 2021, his resentencing on that date would not restart the two-year clock with respect to a Rule 3.850 challenge to his conviction for first-degree murder. Under Florida law, a resentencing does not toll the deadline or resurrect the deadline for postconviction motions that has otherwise passed. *See, e.g., Joseph v. State*, 835 So. 2d 1221, 1222 n.3 (Fla. 5th DCA 2003) ("The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered. An illegal sentence may be corrected at any time, and it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion." *See also Hampton v. State*, 299 So. 3d 617 (Fla. 1st DCA 2020); *Marrero v. State*, 967 So. 2d 934 (Fla. 2d DCA 2007).

Doc. 13-7, Ex. G at 57-59 (emphasis added). The First DCA affirmed. Doc. 13-9, Ex. I.

Untimely applications for state postconviction relief are not "properly filed" under § 2244(d)(2) and do not toll the federal limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[T]ime limits, no matter their form, are 'filing' conditions,' and . . . a state postconviction

petition is therefore not 'properly filed' if it was rejected by the state court as untimely."); *Allen v. Siebert*, 552 U.S. 3 (2007) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (internal quotations and citations omitted)). *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018) (a Florida court's finding that a motion under Fla. R. Crim. P. 3.850(b) is untimely should be accorded deference even when the state court had to scrutinize the allegations in the petition to determine if the claim fits into the exceptions to the timeliness rule).

The fact that the state court also determined that three of Kirkland's claims were not cognizable on collateral review does not render Kirkland's Rule 3.850 motion "properly filed." This court must honor the time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) ("[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar."); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) ("[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that

the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims.").

Kirkland § 2254 petition, filed on April 16, 2024, is untimely by over one year.

## C. <u>Kirkland's Untimely Petition Should Be Dismissed</u>

Kirkland does not allege that he is entitled to equitable tolling or any other exception to the limitations bar. *See* Doc. 18. His allegations of legal innocence due to (1) insufficient evidence on the element of premeditation, and (2) violations of his constitutional rights at trial, Doc. 1, do not state a plausible claim of factual innocence to overcome the limitations bar. *See House v. Bell*, 547 U.S. 518, 537-38 (2006); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 324, 326-27 (1995). Kirkland's untimely petition, therefore, must be dismissed.

### III. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there

is an objection to this recommendation, the relevant party shall file such an objection with the District Court.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 13, be **GRANTED**.

2. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. Timothy Michael Kirkland*, Bay County Circuit Court Case No. 1983-CF-498, be **DISMISSED WITH PREJUDICE** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 20th day of August, 2024.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed**

**findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**